170 So. 210

## LIBERTY NAT. LIFE INS. CO. v. HOLLINS.

### 6 Div. 985.

Supreme Court of Alabama.

Oct. 15, 1936.

Carl G. Moebes and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

Moore & Green and Bains & Saunders, all of Bessemer, for appellee.

FOSTER, Justice.

This is an action by appellee on a policy of life insurance on the life of her husband, Porter Hollins. The policy was issued on November 5, 1934, with a premium of 15 cents per week, payable in advance. Another was issued at the same time on the life of appellee, with a premium of 10 cents per week. A grace of four weeks was granted on each of them after the first.

It is also provided that if insured is not, at the time of the delivery of the policy, alive and in sound health, it shall not take effect. The defense is in two aspects: (1) That at the time of his death, the policy had lapsed and the period of grace had expired, by which the defendant was due to pay nothing; and (2) that at the time of the delivery of the policy Porter Hollins, the deceased insured, was not in sound health, but had tuberculosis, which increased the risk of loss, and that under the policy plaintiff could not recover more than the actual premiums paid.

The two issues of fact were tried by the court and a jury, with a verdict for plaintiff on them, finding to the extent of the full face of the policy and interest. The court denied a motion for a new trial, and the argument is largely that the verdict is contrary to the great weight of the evidence.

There was evidence for plaintiff on both questions, but it was much stronger on the question of health when the policy was issued to sustain the verdict than on the question of whether the policy had lapsed for nonpayment of dues.

As has been said, the policy was issued November 5, 1934, solicited by L. R. Perry, agent for defendant. Appellee agreed with Mr. Perry to do his weekly wash for 40 cents, of which she would pay 25 cents due on the two policies, and he would pay her 15 cents in money. This arrangement was carried out, and the 25 cents each week collected and remitted to the company until and including the week beginning Monday December 3, 1934. He collected and remitted for that week. Whether he collected for the next two weeks is where the controversy exists. They both agree that he did not collect after the week in which he moved to Montevallo, and except as she did his washing. Appellee says that was the week before Christmas, and that he collected for that week. She kept a card on which he credited her payments, but she lost it when she last paid Mr. Perry, and has no written evidence of the date of her last payment. Mr. Perry's reports show that his last collection was on Friday after December 3, 1934, for that week, when he moved to Montevallo. Other evidence corroborates his that he did so move that week. The next payment was to another collector on January 4, 1935, for two weeks, and on January 10, 1935, for two weeks, and on January 26th for one week. He died February 21, 1935. Both parties agree that if the payments were made to Friday, before Christmas, it would include the weeks beginning December 10th and 17th, and with the four weeks of grace, the payments would extend the policy until the date of his death.

The only circumstance to aid her memory as to when he moved to Montevallo and she paid Perry last is that it was coming up to Christmas, and she was talking to him about a Christmas present. But it is unfortunate for her that she lost the only conclusive evidence in her behalf of its date. The Christmas present

is not conclusive as to date, nor is mere unaided memory. But she agrees that it was when he moved, and she quit washing for him, as she paid him nothing except as she collected for his washing.

But there is so much to corroborate Mr. Perry that he moved to Montevallo the week of December 3d, as to cause us to think that the jury did not sufficiently give effect to such corroboration. On the evidence as so presented, we think the verdict was contrary to the great weight of the evidence on that issue, and that the motion for a new trial on that ground should have been granted. For overruling the motion, we think the judgment should be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.